(No. 1729—

ANNE HUNTINGTON, A MINOR, BY E. D. HUNTINGTON, HER FATHER AND NEXT FRIEND, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 12, 1935.*

THOMAS A. MURPHY AND SOMMERS & SOMMERS, for claimant.

OSCAR E. CARLSTROM, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

On February 25, 1931, claimant filed her claim by E. D. Huntington, her father and next friend, and alleges that claimant was a minor of the age of four years, and resided with her father in the City of Chicago, and that prior to the month of February, 1929, she was regularly enrolled as a student in the kindergarten department of the Alice Barnard Public School, which is located at 104th and Church Streets, in the City of Chicago, Illinois, and that school was, at all times mentioned in the claim and was, on the date of filing the claim under the jurisdiction of, and operated and controlled by the Board of Education of the City of Chicago; that "the Board of Education of the City of Chicago" is a body politic and corporate, created by Statute, and is an agency of the State of Illinois, having existence for the sole pur-

pose of performing certain duties deemed necessary to the maintenance of an efficient system of free schools, within the City of Chicago.

It is further alleged that in the month of February, 1929, one of the lavatories of that school was heated in part at least, by an open gas plate suspended on the wall, but in that position, the gas plate did not heat the room to a proper temperature, and that at the request of the teacher of the kindergarten department, the janitor instructed one of his assistants to remove the plate from the wall and to place it on the floor of the lavatory, with the further instruction that the said plate should not be lighted during the hours that school was in session; that on the 26th day of February, 1929, the plate was placed on the floor of the lavatory and was permitted to remain lighted during school hours; that the lavatory was in almost constant use by the children in the kindergarten department; that about 1:30 p. m. on the last mentioned date, all of the children in the kindergarten class in the said school, were formed in line and marched to the lavatory by their teacher, and remained in line formation awaiting their turn, and that the claimant was standing in line at a point immediately in front of the spot on which the lighted gas plate had been placed, when she was pushed and shoved by another pupil, and the claimant fell in a sitting position upon the lighted gas plate, her clothing caught fire, and she was severely burned on the back of her body, from the buttocks to the neck, and upon the upper parts of both arms.

It is further alleged that claimant was confined to her bed for more than five months, and still requires medical care and attention; that she has been badly disfigured and the disfigurement is permanent; that her nervous system has been seriously affected, and that she will never fully recover from the effects of the aforesaid injuries.

It is further alleged that the cause of the injuries sustained by the claimant were and are proximately and solely chargeable to the careless and negligent conduct of the servants and employees of the Board of Education, and that by reason of the injuries, the parents of the claimant have been obliged to and did expend the sum of Fourteen Hundred Dollars ($1,400.00), and will be obliged to spend other large sums of money in and about attempting to heal and cure the claim-

ant, all to the damage of the claimant and her parents in the sum of Ten Thousand Dollars ($10,000.00).

It will be noted that the claimant is attempting to recover damages on behalf of her parents, but inasmuch as the Attorney General has not raised this question, we will confine our opinion to questions raised by demurrer filed by the Attorney General.

A general and special demurrer was filed and it is set up: First, that the doctrine of *respondeat superior* is not applicable to the State; Second, that in the absence of a Statute the State is not liable for the negligence of its officers, agents and employees; Third, that the Alice Barnard Public School of the public school system of Chicago, is under the direct supervision and control of the Board of Education of the City of Chicago, a body politic, being a non-profitable corporation created by the State of Illinois in the exercise of its governmental function and the State, therefore, is not liable for damages resulting from the negligence of said corporation, or its agents.

This court and text writers generally have held that the doctrine of *respondeat superior* is not applicable to the State and for that reason the demurrer is sustained. Case dismissed.